## SMITH v. WALL ET AL.

1. SET-OFF AND COUNTER-CLAIM — ASSIGNMENT — EVIDENCE. — Plaint-
iffs' assignors agreed to deliver a certain quantity of lumber to de-
fendant within a specified time at $15 per thousand; $10 to be paid
in cash at times therein specified, and $5 to be credited on the as-
signor's note, held by defendant. The assignment was of all the
moneys arising under the agreement, so that plaintiffs should be-
come the payees as if they were the contracting parties therein, and
was made and accepted by defendant before any money was due. In
an action to recover the $10 per thousand for the quantity deliv-
ered, *held*, that defendant could recoup his damages for the failure
of plaintiffs' assignors to deliver the quantity agreed upon, as it
did not appear that the amount sued for became due before the
damages were suffered.

2. Defendant having declined to pay for the lumber delivered because
he was damaged to a greater amount, and there being testimony
that he fixed a time for payment, and that after breach of the con-
tract, having received back property sold by him to plaintiffs' as-
signors, he said that he considered the matter between them
settled, the question is for the jury if the evidence may be regarded
as tending to establish a waiver of the claim for damages.

*Appeal from District Court of Custer County.*

ON September 16, 1882, Morril & Liggett made a writ-
ten contract with the appellant, Charles A. Smith, agree-
ing to sell and deliver to him three hundred thousand
feet of lumber within ninety days at $15 per thousand;
the same to be so delivered upon written bills or orders
specifying the particular kind and quality desired.   The
price named was to be paid as follows:   When the pur-
chaser from Smith received a shipment and audited the

bill therefor, Smith was to pay Morril & Liggett $10 per thousand in cash, and give them credit for the remaining $5 per thousand upon their promissory note representing the purchase price of a certain saw-mill bought from him.

Four days subsequent to the time of entering into this agreement, and while the parties were proceeding thereunder, Morril & Liggett attempted to assign in writing to A. G. Wall (who afterwards took J. C. Wood into partnership with him, so that the assignee ultimately became Wall & Wood, the appellees), their interest in the cash payments to become due under the contract. The exact scope and extent of the alleged assignment is shown by the following extract therefrom: "That in consideration of advances made and to be made to the said party of the first part by the said party of the second part, during the life-time of a certain agreement made and entered into on the 16th day of September, A. D. 1882, by and between Charles A. Smith as party of the first part therein, and H. C. Morril and J. R. Liggett as party of the second part therein, the party of the first part herein fully set over and transfer to the said party of the second part herein all and whatever moneys arise therein to them, so that the said party of the second part herein shall, so far as the said agreement provides for the payment of moneys to the said party of the second part therein, be and become the payee thereof, in all respects as if the said party of the second part herein was the contracting party of the second part in the said agreement; it being agreed by and between the parties hereto that the terms of this agreement shall be accepted in writing by the said party of the first part in the said agreement, the duplicate copy of said agreement held by the party of the first part herein being attached to this agreement as a part hereof.    *    *    *"

Attached to the foregoing assignment was the following, duly executed: "*Acceptance.*   I, Charles A. Smith,

party of the first part in the agreement hereto attached, hereby accept the terms of this agreement this 20th day of September, A. D. 1882. [Signed] CHARLES A. SMITH." Afterwards, and at the expiration of the ninety days, but thirty-five thousand feet of the quantity of lumber contracted for had been furnished, and Morril & Liggett made default by failing and refusing to deliver more. Smith declined to pay Wall & Wood the $10 per thousand due for the quantity delivered, claiming that he had been damaged much more than that sum by Morril & Liggett's failure to keep their contract; whereupon Wall & Wood began this action and recovered a judgment for the amount claimed. At the trial Smith offered evidence showing losses which he had suffered by reason of the failure of Morril & Liggett to comply with their contract, which evidence was rejected by the court. This ruling constitutes the principal alleged error complained of.

The court directed a verdict for plaintiffs.

Mr. HOSEA TOWNSEND, for appellant.

Mr. JOHN R. SMITH, for appellees.

CHIEF JUSTICE HELM delivered the opinion of the court.

The so-called "assignment" to Wall was executed and accepted four days after the original contract was made, and before any money became due or payable thereunder. Its legal effect was simply to incorporate into the original contract a new condition, viz.: that Wall, instead of Morril & Liggett, should be the payee of the $10 cash payments provided for therein. In this respect Wall stepped into the shoes of Morril & Liggett. Besides, there is no proof that the amount sued for became due before the damages complained of by Smith had been suffered; and, under the circumstances, we think that, if the right of recoupment would have existed in favor

of Smith as against Morril & Liggett had they retained ownership of the entire proceeds, he should have been allowed to make proof thereof against Wall & Wood, who had, previous to the action, succeeded to the rights of Wall in the premises. It was therefore error to reject the evidence offered by Smith to establish and recoup his damages suffered through the breach of contract.

There is some testimony to the effect that Smith, in conversation with Wall & Wood, set a time for the payment of the amount claimed by them; and there is also evidence tending to show that after the breach of contract Smith, having received back the saw-mill he had contracted to sell Morril & Liggett, stated to Morril that he considered the matter settled as between them (Smith and Morril).

This evidence could hardly have been offered to show an accounting and settlement, for no such issue was made by the pleadings. If it could be regarded as in any way tending to establish a legal waiver of the claim for damages, there was a clear conflict, and it should have been submitted to the jury.

The judgment is reversed.

*Reversed.*