[No. 1111. Decided December 30, 1893.]

WORTHY NIVER, *Respondent*, v. L. B. NASH, *Appellant*.

COUNTERCLAIM — UNLIQUIDATED DAMAGES — PLEADING.

Under Code Proc., § 195, an unliquidated claim for damages may be a subject of counterclaim, provided it arises out of the contract or transaction upon which the plaintiff bases his complaint.

In an action by an architect to recover the value of certain plans for a building, and for services superintending its erection, a plea of counterclaim sets up sufficient facts as against the purchase price of such plans, when it alleges that plaintiff represented to the defendant that he was a competent and skillful architect, and that a building erected in accordance with said plans would be well and properly lighted, and first class in every respect; that such representations were untrue; that the building erected in accordance with such plans was not well lighted and first class; and that by reason of the defects in the building, occasioned by the plans not being as represented, defendant had been put to great expense.

*Appeal from Superior Court, Spokane County.*

*Turner, Graves & McKinstry,* and *L. G. Nash,* for appellant.

*Feighan, Wells & Herman,* for respondent.

The opinion of the court was delivered by

HOYT, J.—This action was brought to recover for certain plans for a brick building, and for services in superintending its erection. The defendant, in his answer, after making certain denials, and pleading a separate defense, set up a counterclaim, in which it was alleged that the plans furnished were defective and the superintendence not what it should have been, and that, as a result thereof, he had been greatly damaged. Upon the trial, defendant offered proof tending to establish such counterclaim. The court, on the objection of the plaintiff, refused to allow it, on the ground that the counterclaim, as pleaded, was insufficient. The appellant, in his brief, while alleging some other errors, concedes that the merits of the appeal depend largely upon the question of the sufficiency of the allegations of said counterclaim. We shall therefore content ourselves with an examination of that question, as its determination will satisfy the claims of the brief, as the other errors alleged will be substantially determined by the decision of that question.

The allegations of such counterclaim are numerous, and are set out at great length, and it is somewhat difficult to determine therefrom its legal effect. A motion directed to certain parts thereof would doubtless have resulted in its being shorn of many of such allegations. The defendant, however, did not move against it, but replied generally, and for that reason all its incongruities must be overlooked, and the simple question determined as to whether or not

the facts therein set out, if true, would in any manner constitute a counterclaim to the claim of the plaintiff.

Respondent, in the first part of his brief, has cited a long list of authorities for the purpose of establishing the doctrine that an unliquidated claim for damages is not a subject of counterclaim, either legal or equitable. Such citations fully establish the doctrine thus contended for under the statutes and rules of practice applicable where the decisions were rendered, but they can have little or no force here. The counterclaims to which such cases refer are substantially of the same nature as those which were denominated "set offs," as distinguished from "recoupment," under the common law practice; while under our statute the technical distinction between set off and recoupment has been abrogated, and under the conditions prescribed that which would have been a proper and rightful subject of set off and recoupment can be set up by way of counterclaim. It is therefore not necessary to go into the discussion of these authorities.

The other cases cited by respondent are more nearly in point, but can have little force here, as our statute (Code Proc., §195) substantially determines the question. It provides that "a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action," may be set up by way of counterclaim. It will be seen from this provision that as to a cause of action arising out of the same contract or transaction there is no distinction whatever between liquidated and unliquidated damages.

The only question to be determined under such statute is, whether or not the damages alleged by way of counter claim grew out of the contract or transaction upon which the plaintiff relies. This is, therefore, the question of fact

which it is necessary for us to decide: Do the allegations of the counterclaim show that the damages alleged therein grew out of the contract or transaction upon which the plaintiff founds his action? In determining this question it is only necessary that we should find that one of the items of damage arose out of such contract or transaction, for the reason that, the ruling of the court having been against the counterclaim as a whole, if any part thereof was well pleaded such ruling was erroneous. From the voluminous allegations of said counterclaim it sufficiently appears that the plaintiff sold the plans for the building with full knowledge of the purpose for which they were to be used, and in the light of such knowledge expressly represented to the defendant that he was a competent and skillful architect, and that a building built in accordance with said plans would be well and properly lighted, and first class in every respect; that such representations were untrue; that his building, erected in accordance with such plans, was not well lighted or first class; and that by reason of the defects in the building, occasioned by the plans not being as represented, he had been put to expense, and greatly damaged. Under the circumstances under which the representations as to these plans were made, they must be held to have amounted to a warranty on the part of plaintiff that they were as he represented them to be. He was an expert, representing himself as fully qualified to judge as to such matters; whereas, the person with whom he was dealing had no such qualifications. If, therefore, any of the items of damage alleged in the counterclaim were of such a nature that they could be said to fairly grow out of the insufficiency of the plans, and to thus show that in fact they were valueless, or of less value than they would have been if as represented, such element of damage arose out of the contract of sale, express or implied, and comes within the rule to which we have referred, and constituted

36—7 WASH.

a proper counterclaim as against the purchase price of such plans.

Some of the items of damage thus set up are, in our opinion, of the nature above specified. It follows that they were proper items of counterclaim, and that evidence in regard thereto should have been allowed by the court, and that for its error in rejecting it the judgment must be reversed, and the cause remanded for a new trial. The parties should be allowed to file new pleadings.

DUNBAR, C. J., and SCOTT, STILES and ANDERS, JJ., concur.