[No. 1451.   Decided November 26, 1894.]

JOSEPH M. SHELTON, *Respondent, v.* WILLIAM A. CONANT, *Appellant.*

### SALE—PLEADING—COUNTER-CLAIM—WHEN BARRED.

When a sale of personal property of the value of fifty dollars or more is pleaded in an action at law, it is not necessary to plead facts in avoidance of the statute of frauds.

Under Code Proc. § 195, in an action arising on contract, the defendant may counter-claim for any cause of action against the plaintiff arising on contract, whether liquidated or not.

Under Code Proc. § 195, if a counter-claim be not barred by the statute of limitations at the commencement of the action in which it is pleaded, it does not become so afterward during the pendency of that action.

*Appeal from Superior Court, Kittitas County.*

*Ralph Kauffman,* for appellant.

*Pruyn & Ready,* for respondent.

The opinion of the court was delivered by

STILES, J.—This action was commenced September 19, 1892, for the foreclosure of a chattel mortgage. More than a year later the defendant filed an answer, which alleged that on or about October 12, 1889, the plaintiff sold and agreed to deliver at once to the defendant certain personal property (described) of the reasonable value of $383.00 ; and that plaintiff had failed to deliver said personal property though often requested by defendant so to do, to defendant's damage in the sum of $383.00.

13-10W

Upon the trial of the case, the court, upon the suggestion of the plaintiff, refused to permit the defendant to introduce evidence to sustain his counter-claim, on the ground that the sale of personal property alleged was within the statute of frauds and the counter-claim did not show that there was any memorandum in writing, or any partial delivery of the goods, or consideration paid. Thereupon the defendant offered to amend his counter-claim by adding thereto an allegation that for the said personal property, with other like property, the defendant at the time of the sale had paid to plaintiff the sum of $1500. As the defendant had already filed one amended answer, and the offer was not made until after the plaintiff's case had been presented, it may be that the matter of allowing the proposed amendment was within the discretion of the court. But, be that as it may, we are not satisfied that the testimony offered should not have been received under the terms of the answer as it stood when the offer of testimony was rejected.

In actions at law, it is never necessary to plead facts in avoidance of the statute of frauds, when a contract for the sale of personal property of the value of fifty dollars or more is alleged. Browne, Stat. Frauds, Ch. 20. A sale was alleged, and the presumption was that it was a valid sale.

But the respondent also urges that the counter-claim set up was not one of those admissible under the statute, and was upon the face of the pleading barred by the statute of limitation as well. The fact that the subject of the pleading was unliquidated damages is not an objection sufficient to bar the demand as a counter-claim to the cause of action stated in the complaint. The second subdivision of Code Proc., § 195, especially provides for a counter-claim in an action arising on contract of *any other cause of action arising also on contract.* There has been more or less controversy as to whether unliquidated damages arising upon, and because of the failure of the plaintiff to carry out, another contract than the one upon which he sues can be recovered in this manner, but we think the rule is now well settled in all

jurisdictions which have code provisions such as our own. Pomeroy, Code Remedies (3d ed.), § 798; Bliss, Code Pleading, §§ 378, 382. *Niver v. Nash*, 7 Wash. 558 (35 Pac. 380), held nothing to the contrary.

So far as the statute of limitations is concerned, the section above referred to allows a counter-claim which existed at the commencement of the action to be pleaded. This action, as was before mentioned, was commenced September 19, 1892. The defendant's pleading showed a contract of sale made on or about October 12, 1889. We think the pleading was sufficient, and if the plaintiff desired greater accuracy in the matter of the date he should have made a motion to require the answer to be made more specific in that respect.

The judgment is reversed, and the cause remanded for a new trial.

DUNBAR, C. J., and SCOTT, J., concur.

HOYT, J., dissents.