[No. 2476. Decided March 12, 1897.]

C. M. SHEAFE, *Receiver, Respondent,* v. A. W. HASTIE, *Appellant.*

ACTION BY RECEIVER — COUNTERCLAIM — UNLIQUIDATED DEMANDS.

In a suit by a receiver to recover upon a demand due an insolvent corporation, the defendant may, under Code Proc., § 195, subd. 2, set up as a set-off or counterclaim, any unliquidated demand arising on a contract of the corporation and existing at the commencement of the action.

Appeal from Superior Court, King County.—Hon. T. J. HUMES, Judge. Reversed.

*Carr & Preston,* and *W. W. Wilshire,* for appellant:

Counterclaims and off-sets of this character can, if proved, be successfully interposed in an action by the receiver suing in the right of the corporation, and the right of the receiver to exclude such off-set or counterclaim is the exception. *Armstrong v. Warner,* 17 L. R. A. 466, and authorities in defendants' brief therein; *Barbour v. National Exchange Bank,* 20 L. R. A. 192; *Hade v. McVay,* 31 Ohio St. 231; *Yardley v. Clothier,* 51 Fed. 506 (17 L. R. A. 462); High, Receivers (2d ed.), § 250.

*Clise & King,* for respondent:

In general, a receiver takes title to property, in his

charge, subject to all subsisting liens against it. But there is a limitation to this right: 1st, where the demand attempted to be set off was acquired after the appointment of a receiver; 2d, nor where it arises out of a right independent of that sued upon; 3d, nor where the effect would be to practically give a preference to one creditor over others. *Balch v. Wilson,* 25 Minn. 299 (33 Am. Rep. 467); *Stephens v. Schuchmann,* 32 Mo. App. 333; *Clark v. Brockway,* 3 Keyes (N. Y.), 13; *Jordan v. Bank,* 74 N. Y. 467 (30 Am. Rep. 319); High, Receivers (2d. ed.), § 252; Beach, Receivers, § 705; Gluck & Becker, Receivers, p. 407; 1 Morse, Banks, etc., §§ 338, 339.

Ordinarily, an unliquidated demand will not be off-set against a liquidated debt due to the corporation, where such a demand grows out of the breach of a contract independent of the debt due the corporation. Gluck & Becker, Receivers, p. 400; *Ricketson v. Richardson,* 19 Cal. 330; *Frick v. White,* 57 N. Y. 105; *Boyer v. Clark,* 3 Neb. 161; *Irvine v. Dean,* 27 S.W. 666; *American Manganese Co. v. Virginia Manganese Co.,* 21 S. E. 466; *Olyphant v. Steel Co.,* 39 Fed. 308; *Charmley v. Sibley,* 73 Fed. 980; *Smith v. Billings,* 62 Ill. App. 77; 1 Morse, Banks & Banking, § 335.

The opinion of the court was delivered by

DUNBAR, J.—The respondent, as receiver of the Washington Savings Bank, sued appellant on two promissory notes, aggregating $400, with accumulated interest. Appellant demurred to the complaint; but, without setting out the complaint or discussing it further, we think the allegations therein were sufficient to constitute a cause of action, and that the demurrer was properly overruled.

As an affirmative defense and counterclaim or set-

off, the appellant alleged that at divers and sundry
times he had performed services as an attorney for
the plaintiff (respondent), which services were reason-
ably worth the sum of $288.50, and of which only the
sum of $20 had been paid.   And as a further affirma-
tive defense appellant alleged as follows:  "That at
all the times herein or in the plaintiff's complaint re-
ferred to, and ever since then, the assets of the Wash-
ington Savings Bank have exceeded, and they do
now exceed, its liabilities."  The respondent moved to
strike that portion of the answer in relation to the
assets of the bank exceeding its liabilities, which mo-
tion was sustained by the court.   A reply was filed
denying the affirmative allegations of the answer.

Upon the trial of the cause the respondent objected
to the introduction on the part of the appellant of any
evidence tending to support his counterclaim, on the
ground of incompetency, and that the appellant's
alleged counterclaim could not be set up against re-
spondent as receiver of the Washington Savings Bank.
This objection was sustained by the trial court and
appellant excepted.   Appellant thereupon moved for
a continuance on the ground of surprise, for the rea-
son that the sixth paragraph of appellant's affirmative
answer having been stricken, the respondent's motion
is immaterial, irrelevant and redundant, and exposed
appellant's said affirmative partial defense and coun-
terclaim to the objection now urged by respondent,
and that he should be allowed a continuance to enable
him to reinstate said paragraph six — which contained
the allegation that the assets of the bank exceeded its
liabilities.   The appellant offered to make an affidavit
in support of his motion for a continuance, and asked
to amend his answer so as to include the allegation
contended for, but the trial court overruled the motion

and, upon the hearing of the testimony, instructed the jury to find a verdict for respondent in the full amount of his claim on said notes, which the jury accordingly did, and judgment was rendered thereon.

It is not necessary to pass upon the alleged error of the court in striking out paragraph six of the answer, for, in the absence of this allegation, we think the set-off should have been allowed. If there was an account existing between the appellant and the respondent's bank, upon which a balance could have been struck at any time prior to the failure of the bank, if it did fail, it ought to have been considered as made, and the relative rights should not have been changed by reason of the insolvency of the bank.

If the set-off sought to be pleaded by the appellant had amounted to a counterclaim, or a claim which would have over-balanced the claim of the respondent, and would have established a demand over, then it is true that the excess of claim established by the appellant could only have been pro rated equally with the claims of other creditors against the bank, if the bank had really been insolvent and its liabilities exceeded its assets.

But that case is not presented here. On the technical question as to whether a counter claim could have been pleaded in this action, we are aware that there is some conflict of authority on the proposition generally, but it seems to us that our statute is so plain and explicit that construction cannot be invoked. If we consider it as a counterclaim, then § 195 of the Code of Procedure provide that the counterclaim mentioned in the preceding section must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of one of the following causes of action:

(1) A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action; (2) in an action arising on contract, any other cause of action arising also on contract and existing at the commencement of the action. This defense falls squarely within the provisions of this clause. The action is an action arising on contract. The counterclaim sought to be alleged and proven is a cause of action arising also on contract, and, according to the record, was existing at the commencement of the action. And if it is to be construed as a set-off, then § 806 is controlling, which provides that the defendant in a civil action upon a contract expressed or implied may set-off any demand of a like nature against the plaintiff in interest, which existed and belonged to him at the time of the commencement of the suit. There seems to be no real difference between counterclaims and set-offs, so far as the statute is concerned, excepting that technically there is a difference in degree, the set-off amounting only to a set-off or balance of the claim sued upon, or some portion thereof, and the counterclaim comprehending a set-off and an additional claim which would warrant a judgment over in favor of the defendant, if it were established; and, whatever conflict of authority there may be, this court has established the right of the defendant to a set-off or counterclaim where the claim is unliquidated, as in the case at bar, in *Shelton v. Conant*, 10 Wash. 193 (38 Pac. 1013), where it was held that, under Code of Procedure, § 195, in an action arising on contract, the defendant could counterclaim for any cause of action against the plaintiff arising on contract, whether liquidated or not.

We think the record shows that the counterclaim

sought to be proven in this case was not barred by the statute of limitations.

The judgment will be reversed with instructions to the lower court to grant a new trial in accordance with this opinion.

SCOTT, C. J., and REAVIS, ANDERS and GORDON, JJ., concur.