[No. 8051.]

INLAND BOX AND LABEL COMPANY v. RICHIE.

1. CONTRACT—*Construed*—Plaintiff's Assignor, in February, entered into a contract to furnish defendant a horse to be used in a delivery wagon, the use of the horse to be paid for monthly at a specified rate. In May of the same year the assignor refused to furnish the horse. *Held* that the contract was to run from month to month, and the violation thereof defeated the plaintiff's action on a prior assignment of whatever might be or become due thereunder, for the month of May. (534)

2. ASSIGNMENT OF CHOSE IN ACTION—*Effect.* What may accrue in the future under an executory contract may lawfully be assigned; but the assignee takes subject to any defense or set-off which the debtor may have against the assignor. (535)

Plaintiff sued as assignee of one Archambault for the use of a horse during the month of May. The contract was dated in February and ran from month to month, defendants agreeing to pay a stipulated monthly rate for the use of the animal. Archambault also refused to surrender plaintiff's wagons which were in his possession. *Held*

that Archambault's defalcation, and the record of a replevin suit which defendant's had prosecuted to recover their wagons, and the damages awarded them in that action, were all relevant and competent evidence against the claim of the assignor.    (534, 535)

*Error to Denver County Court.*—Hon. H. S. CLASS, Judge.

Mr. DUNCAN McPHAIL, for plaintiff in error.

No appearance for defendant in error.

Mr. JUSTICE HILL delivered the opinion of the court:

The defendant in error recovered judgment against the plaintiff in error upon an alleged assignment of certain amounts claimed to be due and owing from the plaintiff in error to one George Archambault. The evidence is quite meager. The foundation for the claim is based upon an oral agreement that Archambault should furnish the company a horse during each month, to be used on one of its delivery wagons, and another horse at any time wanted, to be used on another wagon, the company to pay $27.50 per month for the horse to be used continuously, and $1.50 per day for the horse which was to be used when wanted. The contract was entered into about February the 1st, 1912, its terms appear to have been complied with until sometime in May. Upon April 26th, same year, the defendant in error gave notice to the company that the money due and to become due to Archambault thereunder had been assigned to her. Within three or four hours thereafter, and on the same day, a garnishee summons was served upon the plaintiff in error out of a Justice of the Peace court, in a suit against Archambault. The summons called to be held all moneys due or to become due from the company to him. The company appears to have answered this garnishee summons alleging that it owed the defendant nothing, and no issue appears to have been taken to this answer, and nothing

further appears to have been done in that respect. Archambault continued to furnish the company the regular horse until about the 30th of May following, when he refused to furnish it, and refused to allow the company the possession of its wagons.

Numerous defenses were presented to this action among which was the claim that upon account of Archambault's failure to furnish the horse for the whole of May as agreed upon, it being an entire contract, that neither he nor his assignee could recover thereunder, and that in any event the company had the right to hold any money in its possession belonging to Archambault under the contract, and apply it as a set-off to any damages caused it upon account of the breach of contract. These defenses were rejected by the court.

The evidence is undisputed that the contract was a monthly proposition, to run from month to month; and that at the expiration of the month of April the amount for that month was due and was a subject of assignment by itself. There is evidence to show that it was thus assigned and the company was notified to that effect during the latter part of that month, and prior to any service of garnishee, and also prior to any breach of the contract upon behalf of Archambault for the month of May, and, as the court was of opinion it was sufficient to establish these facts, he was justified in rendering his judgment accordingly. Such was not the case however, when applied to the horse to be furnished during the month of May, when it appears Archambault refused to live up to his contract. This, the company offered to prove, and upon account thereof it was compelled to bring a suit in replevin against Archambault in order to recover its wagons, which were in his possession under the provisions of the former contract. It further offered in evidence the judgment secured by it against him in said action in the County Court of the same county for $106 upon account thereof, and which amount had not been paid; all of which was rejected by the court. In this the

trial court erred. This controversy, the damages pertaining thereto, as well as the replevin suit, grew out of the same transaction and contract between the parties under which Archambault attempted to assign the amount coming to him from the company for the month of May to Mrs. Richie, and while there was notice of this assignment to the corporation, there was no evidence that it accepted it or agreed to pay the amount coming due to him, to her, and while Archambault had a right to assign anything which he had coming under the provisions of this contract, under such circumstances the assignee took it subject to the rights of the debtor pertaining to damages, set-offs, etc., and its right to have ascertained and satisfied such claims of its own caused by any breach thereof by Archambault before anything would be owing to the assignee.—Sections 4 and 64, Revised Code, 1908; *Michigan Stove Co. v. Pueblo Hardware Co.,* 51 Colo. 160, 116 Pac. 340; *Warren v. Hall,* 20 Colo. 508, 38 Pac. 767; *Smith v. Wall,* 12 Colo. 363, 21 Pac. 42; *Weaver v. Penny,* 17 Ill. App. 628; *Niver v. Nash,* 7 Wash. 558, 35 Pac. 380.

Other errors need not be considered. The judgment is reversed and the cause remanded for a new trial.

*Reversed.*

CHIEF JUSTICE MUSSER and Mr. JUSTICE GABBERT concur.