(No. 22327.—

RAE C. HEIPLE, Receiver, Appellant, *vs.* EDWARD LEHMAN *et al.* Appellees.

*Opinion filed October 17, 1934—Rehearing denied Dec. 5, 1934.*

GEORGE W. HUNT, and J. EDWARD RADLEY, for appellant.

RIDGELY & RIDGELY, (BEN C. LEIKEN, of counsel,) for appellees.

Mr. JUSTICE ORR delivered the opinion of the court:

Appellant, Rae C. Heiple, receiver of Henry Denhart & Co., obtained judgment by confession in the circuit court of Woodford county against Edward Lehman and Lydia King, appellees, for the sum of $856. On motion of appellees leave to plead was given, and upon the pleadings as made up judgment was rendered in their favor. Upon appeal to the Appellate Court for the Second District this judgment was affirmed. The cause comes here on a certificate of importance.

On March 1, 1929, the State Bank of Henry Denhart & Co. was engaged in the general banking business. It made a loan of $1000 to appellees, taking their note for that amount, payable on March 1, 1930. On April 1, 1930, $200, principal and accrued interest, was paid on the note. On April 11, 1930, the bank was closed by the Auditor of Public Accounts and appellant was appointed receiver. Lydia King had on deposit to her credit, individually, the sum of $1965.01, upon which a ten per cent dividend had been paid, leaving a balance due upon her deposit of $1768.41. Appellant took judgment by confession against appellees for the sum of $856 on March 30, 1931. This judgment was opened and on their motion leave was given them to plead. Three pleas were filed. The first special plea, after the plea of general issue, averred that the debt represented by this note was the primary obligation of

Lydia King and that she was the principal maker thereof, and that Lehman was obligated on the note as a surety, only, and then averred the set-off. Replication to this plea denied the relationship of principal and surety on the part of appellees. Demurrer to the replication was sustained. The second special plea alleged that the bank deposit of Lydia King was a set-off against said note, and that there was due from the bank to her the sum of $1768.41, a sum exceeding the amount due upon the note in question, and offered to set off or allow the plaintiff a sufficient sum to pay the principal and interest of the note. Replication was filed to this plea, denying the right of appellees to urge this defense. Demurrer to this replication was sustained. Appellant elected to abide the pleadings, and judgment was entered in favor of appellees.

It is here urged as grounds for reversal, first, that the individual deposit of Lydia King is not a proper item of set-off against a claim upon the note of appellees; second, that it was error to sustain demurrers to the replications to the special pleas; and third, that the demurrer to the replication should have been carried back to the second special plea. It appeared that appellant filed a demurrer to the second special plea; that later the demurrer was withdrawn and replication filed; that when demurrer was interposed by appellees to the replication to the second special plea a motion was made to carry the demurrer back to the plea. The action of the trial court in refusing to carry the demurrer back was proper. By withdrawing the demurrer appellant abandoned the same, and complaint can not now be made of the insufficiency of the special plea. *Walker* v. *Welch,* 14 Ill. 277.

The note in this suit is the joint and several obligation of the signers, and appellees contend that one of the signers of a joint and several obligation can set off against the obligation the amount due him or her from the obligee. The statute (Smith's Stat. 1933, chap. 110, sec. 47, p. 2162,)

provides: "The defendant in any action now pending or hereafter brought upon any contract or agreement, either express or implied, having claims or demands against the plaintiff in such action, may plead the same * * * shall be set off and allowed against the plaintiff's demand, and the verdict shall be given for the balance due," etc. The right of a set-off is not restricted by the terms of this statute to suits in which the defendant is sued alone. Appellant in his brief has cited many early cases in this court holding that a separate demand is not a proper subject matter of set-off as against a joint liability. An examination of these authorities discloses that the plaintiff sued upon a joint demand against the defendants, and that the court was applying the law with reference to an unquestioned joint liability and held that separate liabilities could not be offset. We are able to distinguish all of the authorities cited from this case, on the basis that the liability here asserted by appellant is a joint and several liability of appellees. The special plea avers that Lydia King is the principal debtor and Edward Lehman is only a surety, and as we said in *Himrod* v. *Baugh,* 85 Ill. 435, "such a circumstance has been admitted by some courts of respectable authority as creating an exception to the general rule, they holding that a claim of the principal debtor against the plaintiff may be set off in an action against the principal and his sureties. [Cases cited.] We are inclined to accept the rule of these authorities. It seems to be in consonance with the equitable principles which so largely govern the relation of principal and surety, and we are struck with the fitness of allowing whatever, not merely personal, would be matter of defense for the principal debtor, were he sued alone, to be admitted as a defense in favor of the principal and surety when they are sued together. The principal debtor is the real debtor and the surety but security for the payment of the principal's separate debt, and offsetting a demand in favor of the

principal debtor alone, when sued with his surety, is setting off against each other what may be regarded as essentially mutual debts."

Where two or more defendants are joined in an action in which they are severally liable and a separate judgment may be had against them, a cross-demand in favor of one of the defendants against the plaintiff comes within a fair construction of the requirement of mutuality, and such defendant should be permitted, in the ends of justice, to assert his cross-demand. Mutuality exists as between appellant and Lydia King, and, where the plaintiff is insolvent, justice demands that such defendant, being severally liable, should be protected in the right of set-off, and that the mutual liability between the parties should be so adjusted that a true balance may be ascertained and judgment had accordingly.

The principal debtor, Lydia King, had on deposit in the insolvent bank of which appellant is receiver more than sufficient funds to offset the amount due on the note. She elected to so apply such funds. Both parties concede that the obligation upon her part toward the bank is a several as well as joint one, and we do not see where appellant has any cause to complain because she elected to exercise the right of set-off.

Considerable space has been devoted in appellant's brief to the proposition that, even if the right of set-off exists as between the insolvent bank and appellees, the receiver is in a different position from that of the bank. We do not agree with this contention. The rights of the depositors and the debtors of the bank are to be determined as of the date of insolvency, and the defense of set-off here asserted would be a valid defense to this note as against the bank were it a going concern. Under the circumstances of this case it is likewise a valid defense against the receiver appointed for the purpose of liquidating the bank's affairs.

The judgment is affirmed.     *Judgment affirmed.*