573 P.2d 532

**Jack O. NUTTER and Jane E. Nutter, his wife, Appellants,**

**v.**

**OCCIDENTAL PETROLEUM LAND AND DEVELOPMENT CORPORA-TION, a California Corporation, Appellee.**

**No. 2 CA–CIV 2433.**

Court of Appeals of Arizona, Division 2.

Dec. 29, 1977.

Ryan, Herbolich & Carragher, Ltd. by Michael A. Carragher, Douglas, for appellants.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Wilbert G. Anderson, Phoenix, for appellee.

## OPINION

HATHAWAY, Judge.

This appeal by defendants Jack O. Nutter and Jane E. Nutter, challenges the granting of plaintiff Occidental Petroleum Land and Development Corporation's (Occidental) motion for summary judgment in a foreclosure action. Occidental filed a complaint on August 1, 1974, in Cochise County Superior Court against the Nutters and others alleging a default on an interest installment payment due March 15, 1974, under the terms of a promissory note executed by the Nutters, Junction City Land Company (Junction) and Moxie Investment Company (Moxie). The note, in the principal sum of $100,000, was secured by a "Collateral Assignment of Beneficial Interest" in a real estate trust in which Moxie owned an undivided one-half beneficial interest. The trust property was located in Cochise County, Arizona. Upon default, Occidental exercised its option under the note to claim the whole sum of principal and interest.

The Nutters answered, admitting nonpayment, but alleging that this did not constitute a default since such failure " . . . is due solely to the actions, omissions and conduct of the plaintiffs and is the subject of Civil Action No. 28099 in the Superior Court, in the County of Pinal, State of Arizona, copy of which is attached hereto . . . and the answering defendants hereby incorporate by reference the allegations of said complain [sic] as an affirmative defense . . . ."

The Pinal County action involved a sales agreement in which Occidental employed Junction (a corporation formed by the Nutters) to sell lots in a subdivision owned by Occidental in Pinal County, Arizona, under the terms of a trust agreement by which Occidental was first beneficiary and Junction second beneficiary. Junction agreed to sell the lots or repurchase them for $2,500,-000. The Nutters guaranteed the performance of Junction under the sales agreement.

In their complaint in Pinal County, plaintiffs Nutters and Moxie (a corporation wholly owned by the Nutters) alleged that Occidental breached the sales agreement and an oral agreement by which it consented to the subordination of its interest in trust to either a lien given to secure a loan made to Junction or to repayment of advances to finance the necessary subdivision improvements and sales expenses. They further alleged that they had advanced more than $150,000 to Junction and as a result of Occidental's failure to perform under the agreements, Junction was forced to discontinue its sales efforts and the money advanced by them was lost. The Nutters sought a declaration that they had no obligation to guarantee the performance of Junction and all plaintiffs prayed for damages "in the amount of $150,000.00 or such other amount proved at trial" and that title to the subdivision be quieted in the trustee.

After the Nutters answered the foreclosure complaint, Occidental filed a motion for summary judgment. In opposition to this motion, Jack Nutter filed an affidavit in which he stated that the proceeds of the $100,000 promissory note was loaned by Occidental for use in the real estate transactions involved in Pinal County, and due to Occidental's breaches, as alleged in the Pinal County complaint, the defendants in the Cochise County action were made insolvent and unable to pay the interest due under the note.

An amended judgment was filed in which the court granted judgment to Occidental for $100,000 together with interest and costs, established a first lien upon the prop-

erty for the amount due, decreed the collateral assignment of beneficial interest foreclosed, ordered a writ of execution issued and the property sold, and provided for a deficiency judgment if the sale did not satisfy the judgment. The Nutters also attack the form of judgment.

Subsequent to the perfection of this appeal, and on stipulation of the parties, the Pinal County action was dismissed without prejudice. The subject matter of that claim was consolidated in an action brought by Junction and two other corporations solely owned or controlled by Jack Nutter against Occidental and presently pending before a U.S. District Court in California.

As an affirmative defense, the Nutters asserted a claim of setoff against the amounts payable to Occidental under the note and mortgage and they contend on appeal that this claim presented a fact question which precluded summary judgment in the foreclosure action. We do not agree and therefore affirm.

The prevailing view is that a setoff may be pleaded in mortgage foreclosure actions. Division One of this court quoted with approval the following statement from 59 C.J.S. Mortgages § 619:

"As a general rule, where an action to foreclose a mortgage is, in effect, one to recover money on contract and the amount of the mortgage debt is in issue and plaintiff seeks to enforce defendant's personal liability by a deficiency judgment, defendant may counterclaim or set off a claim or demand against plaintiff which is connected with the mortgage transaction and affects the consideration thereof . . . " *Owen v. Mecham,* 9 Ariz.App. 529 at 532, 454 P.2d 577 at 580 (1969).

■ This right of setoff, however, is not absolute. *American Surety Co. of New York et al. v. City of Akron, et al.,* 95 F.2d 966 (6th Cir. 1938). In the absence of statutory provision therefor, unliquidated damages ordinarily cannot be set off at law. 20 Am.Jur.2d, Counterclaim, Recoupment, and Setoff, § 61; 80 C.J.S. Set-Off and Counterclaim § 42. A suit to foreclose a mortgage is an equitable action, *Arizona Coffee Shops, Inc. v. Phoenix Downtown Parking Association,* 95 Ariz. 98, 387 P.2d 801 (1963), and in matters of setoff equity usually follows the law. Claims for unliquidated damages have been held not the proper subject matter of a setoff or a counterclaim in a mortgage foreclosure suit unless some special equity exists in the pleader's favor. *Scarano et al. v. Scarano et al.,* 132 N.J.Eq. 362, 28 A.2d 425 (1942); *Sinclair Refining Co. v. Midland Oil Co.,* 55 F.2d 42 (4th Cir. 1932); *Caldwell v. Stevens,* 64 Okl. 287, 167 P. 610 (1917). The insolvency of the party against whom the setoff is claimed is a sufficient ground to set off claims of the defendant which would otherwise be disallowed because unliquidated. *Sinclair Refining Co. v. Midland Oil Co.,* supra; *McFall v. Burley Tobacco Growers' Co-operative Ass'n.,* 246 Ky. 278, 54 S.W.2d 922 (1932).

■ Though they concede that their claim for money damages in the Pinal County action is unliquidated, the Nutters argue that equitable setoff is appropriate here because of their insolvency, the interrelationship of the two lawsuits, and Occidental's inequitable behavior as alleged in the Pinal County action. These circumstances do not, in our opinion, give rise to a special equity in the Nutters' favor.

The situation between the parties is not such that justice cannot otherwise be done. In the absence of an allegation of Occidental's insolvency or other special equity that would render it probable that the Nutters would lose their demand and be compelled to pay the demand of Occidental, the general rule applies and the Nutters cannot set off a personal demand for unliquidated damages against the mortgage debt.

The subject matter of the Pinal County action was never raised as a counterclaim and could not have been with the action pending in Pinal County. *Malta v. Phoenix Title & Trust Co.,* 76 Ariz. 116, 259 P.2d 554 (1953). The superior court in Cochise County is not precluded from proceeding to judgment until the breach of contract action is adjudicated.

There were no triable issues of fact with respect to Occidental's right to foreclose. The mortgage was in default at the time of the filing of the complaint. The Nutters failed, as they admitted, to make a timely interest payment. They defended, in effect, on the grounds that the setoff if proved and allowed would equal payment in that the amount of claimed setoff exceeded the amount due on the note.

Such a defense has been disallowed in Arizona. A claimed setoff does not constitute payment of the obligations due and owing under a note and mortgage. *Owen v. Mecham,* supra. In *Owen,* the court cited *Associated Oil Co. of Wyoming v. Rector,* 97 Colo. 387, 50 P.2d 551 at 560 (1935), for the proposition that "A set-off or counterclaim does not amount to payment, since there has been no delivery of money by the debtor to the creditor." The setoff, even if allowed, could not avoid a judgment of foreclosure.

Affirmed.

HOWARD, C. J. and RICHMOND, J., concurring.