The BOARD OF EDUCATION OF EV-
ANSTON TOWNSHIP HIGH SCHOOL
DISTRICT NO. 202, COOK COUNTY,
ILLINOIS et al., Plaintiffs,

v.

ADMIRAL HEATING AND VENTILA-
TION, INC., an Illinois Corporation
et al., Defendants.

BOARD OF EDUCATION OF TOWN-
SHIP HIGH SCHOOL DISTRICT NO.
205, COOK COUNTY, ILLINOIS et al.,
Plaintiffs,

v.

BORG, INC., et al., Defendants.

The STATE OF ILLINOIS et
al., Plaintiffs,

v.

BORG, INC., et al., Defendants.

Nos. 79 C 3046, 79 C 3077 and 79
C 5253.

United States District Court,
N. D. Illinois, E. D.

March 18, 1981.

James F. Gebhardt, Coin, Crowley, Nord
& Hilliker, Chicago, Ill., for plaintiffs.

John E. Burke, John E. Noel, Ross, Hardies, O'Keefe, Babcock & Parsons, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Plaintiffs in these three consolidated putative class actions[1] charge 22 piping construction companies and 36 individuals with bid-rigging, price fixing and job allocation in the Chicago area from 1956 until 1977 in violation of the Sherman Act. Defendants F. E. Moran, Inc., Owen A. Moran, Windsor Heating Company, Inc., Clemens E. Sharp, and Piping Systems, Inc. ("defendants") have filed counterclaims (the "counterclaims") in Nos. 79 C 3046 and 79 C 3077 alleging that unspecified members of plaintiffs' putative class have failed to pay defendants money due under contracts entered into in partial implementation of the alleged Sherman Act conspiracy. Plaintiffs have moved to dismiss the counterclaims on the grounds that the counterclaims are permissive and this Court lacks subject matter jurisdiction over them, that unnamed counterdefendants are not "opposing parties" against whom counterclaims may be asserted under Fed.R.Civ.P. ("Rule") 13 and that the counterclaims fail to state a cause of action. For the reasons stated in this memorandum opinion and order plaintiffs' motion is granted.

Each of defendants has asserted counterclaims against unspecified plaintiffs in his or its answer to the Complaints. F. E. Moran, Inc.'s counterclaim is representative:

1. This Court has jurisdiction over this Counterclaim under principles of pendent jurisdiction . . . .

2. This Counterclaim is brought against those members of plaintiffs' purported class who purchased piping construction from counterclaimant and have failed to pay, in whole or in part, for certain such purposes the amounts of which are still due, owing and unpaid counterclaimant . . . .

\*     \*     \*     \*     \*     \*

1. As the caption indicates, 79 C 5253 is consolidated for discovery purposes only.

4. Each counterclaim defendant is liable to counterclaimant for the amount due and payable on said contracts, the full extent of which is presently unascertained.

Defendants argue that under Rule 13(a) the counterclaims are compulsory and accordingly that defendants must raise them at this juncture or be forever barred from seeking relief. In response plaintiffs contend that:

1. Defendants' counterclaims are not "compulsory" under Rule 13(a) but rather "permissive" under Rule 13(b).

2. Unspecified counterdefendants from whom defendants seek relief are not "opposing parties" for purposes of Rule 13, so that counterclaims cannot be maintained against them.

3. Defendants' counterclaims fail to state a cause of action because they fail to identify specific counterdefendants and contracts.

### Defendants' Counterclaims: "Compulsory" or "Permissive"?

Categorization of defendants' counterclaims as "compulsory" or "permissive" is critical in jurisdictional terms. Compulsory counterclaims are within this Court's ancillary jurisdiction, while permissive counterclaims cannot be entertained in federal court absent an independent basis for federal jurisdiction. See generally, 6 Wright and Miller, Federal Practice and Procedure §§ 1414, 1422 (1971). Compulsory counterclaims are defined by Rule 13(a):

A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

Defendants contend that definition is satisfied because "[p]laintiffs' claims in this

suit are based upon piping construction work performed for them by defendants pursuant to the contract [and that] [t]hose same contracts give rise to defendants' counterclaims." Plaintiffs urge the opposite conclusion because counterclaims for amounts allegedly due under contracts do not "arise out of the same transaction or occurrence"—the alleged bid-rigging, price fixing and job allocation—that forms the basis of the Complaints. *Axelrod v. Saks & Co.*, 1978–1 Trade Cases ¶ 61,819 at 73,419 (E.D.Pa.1978); *Herrmann v. Atlantic Richfield Co.*, 72 F.R.D. 182 (W.D.Pa.1976). They therefore conclude that the counterclaims are permissive and must be dismissed, defendants having failed to allege an independent basis of federal jurisdiction over those claims.

■ In determining whether a counterclaim "arises out of the transaction or occurrence that is the subject matter" of the complaint, our Court of Appeals has most frequently applied the "logical relationship test".[2] *See, e. g., Valencia v. Anderson Bros. Ford*, 617 F.2d 1278, 1291 (7th Cir. 1980);[3] *Warshawsky & Co. v. Arcata National Corp.*, 552 F.2d 1257, 1261–63 (7th Cir. 1977). As the Court said in *Valencia* :

We have observed that whether a particular counterclaim should be considered compulsory depends not so much on the immediacy of its connection with the plaintiff's claim as upon its logical relation to that claim .... This test is to be applied flexibly in order to further policies of the federal rules in general and Rule 13(a) in particular.

Those "policies" have been fleshed out in a thoughtful opinion by the Court of Appeals for the Third Circuit, which also applies the "logical relationship" test. *Great Lakes Rubber Corp. v. Herbert Cooper Co.*, 286 F.2d 631, 634 (3d Cir. 1961), a case that has been relied on extensively in other opinions, makes it clear that judicial economy is a benchmark in applying that test:

The phrase "logical relationship" is given meaning by the purpose of the rule which it was designed to implement. Thus, a counterclaim is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts. Where multiple claims involve ... the same factual or legal issues ... fairness and considerations of convenience and economy require that the counterclaimant be permitted to maintain his cause of action.

■ Defendants' proposed counterclaims plainly do not bear the necessary logical relationship to plaintiffs' claims.[4] Plaintiffs allege a conspiracy in which defendants planned and then implemented bid-rigging, price fixing and job allocation. Contracts entered into by defendants with members of the plaintiff class would of course constitute actions in furtherance of the alleged conspiracy, or perhaps more accurately the ultimate accomplishment of the conspiratorial goals. But defendants, in seeking to sue on those same contracts, raise disputes as to issues wholly distinct from those raised by the Complaints—the performance aspects of each contract.

**2.** 6 Wright and Miller, Federal Practice and Procedure § 1410, at 42 (1971), identifies four "tests" that courts have applied in determining whether a counterclaim is compulsory:

1) Are the issues of fact and law raised by the claim and counterclaim largely the same?
2) Would res judicata bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule?
3) Will substantially the same evidence support or refute plaintiff's claim as well as defendant's counterclaim?
4) Is there any logical relation between the claim and the counterclaim?

**3.** Although the Supreme Court granted certiorari in *Valencia*, —— U.S. ——, 101 S.Ct. 395, 66 L.Ed.2d 242, it limited that grant to two issues not relevant to this opinion and *denied* certiorari on the compulsory counterclaim issue.

**4.** It is equally clear that defendants do not meet the requirements of the other three "tests" identified by Wright and Miller and quoted in footnote 2.

Principles of judicial economy would be disserved by consideration of plaintiffs' claims (which *must* be considered) and defendants' tendered counterclaims in the same trial. This is a major antitrust litigation in which the issues are complex and proof is likely to entail enormous time and effort. Interjection of defendants' counterclaims (of unknown number and complexity, but conceivably involving hundreds or thousands of contracts, each with its own unique factual claims and defenses involving wholly unrelated issues and proof) would substantially burden the progress of the litigation and proliferate its issues enormously, without correspondingly reducing the burden the parties would have to bear if the contract counterclaims were tried separately. Bringing the counterclaims under the umbrella of this litigation would have an intolerable impact on the Court's and the parties' ability to deal with its original claims—an impact that itself demonstrates why the logical relationship test is not satisfied.[5]

Finally, our Court of Appeals' opinion in *Valencia*, though not involving antitrust claims, adds additional support to plaintiffs' position. There plaintiffs sued an automobile dealer under the Truth in Lending Act ("TILA"). Defendant counterclaimed, alleging that plaintiffs had failed to make payments due under the contract with respect to which the TILA claim was raised. That counterclaim was held not compulsory but permissive, 617 F.2d at 1291–92 (citations omitted):

The TILA claim and debt counterclaim raise different legal and factual issues governed by different bodies of law. A TILA suit for inadequate disclosure ... can often be resolved by an examination of the face of the loan document. A debt counterclaim, on the other hand, can raise the full range of state contract law issues. The two claims do not ... spring from the same "aggregate of operative facts." The rights and obligations of the parties with respect to the two claims hinge on different facts and different legal principles.

Such a characterization of the relationship between the claim and counterclaim might well have been written for this case.

This Court therefore holds that defendants' counterclaims are permissive. Because defendants have failed to allege any independent basis for federal jurisdiction over them, the counterclaims must be dismissed.[6] It is accordingly unnecessary for this Court to address the legal issues (interesting though they are) posed by plaintiffs' remaining objections to the counterclaim.

### Conclusion

Plaintiffs' motion is granted. Defendants' counterclaims are dismissed.

---

**5.** Contrast *Mayer Paving & Asphalt Co. v. General Dynamics Corp.*, 486 F.2d 763 (7th Cir. 1973), in which our Court of Appeals held that defendant's counterclaims for the unpaid balance on accounts were compulsory to plaintiff's claim of price discrimination as implemented with respect to those same accounts. That action involved a single plaintiff and single defendant. Consideration of the counterclaims and claims together would result in none of the consequences described in the text of this opinion. *Mayer* is comparable to a case, for example, in which a single plaintiff sues for breach of contract (failure to make payment) and the defendant raises a counterclaim based on fraudulent inducement. Proper application of the logical relationship test there also leads to the conclusion that the counterclaim is compulsory. *See* Wright and Miller § 1410, at 49.

**6.** Even had defendants asserted a proper jurisdictional basis for the counterclaims, this Court could in its discretion dismiss the counterclaims without prejudice should it determine that they would unduly complicate the litigation. *See, e. g., Securities and Exchange Commission v. Republic National Life Insurance Co.*, 383 F.Supp. 436, 438 (S.D.N.Y.1974). All the factors discussed in the text would also lead this Court to exercise that discretion in favor of such dismissal.