[No. 9566-5-III.   Division Three.   November 21, 1989.]

WARREN, LITTLE & LUND, INC., *Respondent*, v. MAX J. KUNEY COMPANY, *Appellant*.

*Lynden Rasmussen, Carl Hueber,* and *Winston & Cashatt,* for appellant.

*Robert H. Lamp* and *Witherspoon, Kelley,* for respondent.

MUNSON, J.—Max J. Kuney Company (Kuney) appeals the trial court's order granting summary judgment to Warren, Little & Lund, Inc. (WL&L) on its subcontractor's claim for retainage withheld by the contractor, Kuney, and dismissing Kuney's counterclaim for breach of an unrelated contract. The issue is whether the trial court should have permitted Kuney to set off its unliquidated counterclaim against WL&L's liquidated claim. We affirm.

In October 1981, Kuney contracted with Yakima County for the construction of the Yakima County Jail. WL&L subcontracted with Kuney to perform certain mechanical work on the project, including installation of the hot water and geothermal heating systems. The Yakima County Commissioners accepted the completed project in August 1986, and in March 1987 released WL&L's retention. One week later, Yakima County filed a breach of contract suit against Kuney, alleging defects in piping installed as part of the hot water system and defects in the geothermal heating system. Kuney filed a third party complaint against WL&L.

Meanwhile, Kuney entered into a contract with Spokane County in 1983 for construction of a jail, and again Kuney subcontracted with WL&L for certain mechanical work. The Spokane County Jail was completed, and Kuney received its retention in February 1988. Claiming a setoff against WL&L's potential liability to Kuney in the Yakima jail litigation, Kuney declined to release WL&L's share of the Spokane jail project retainage. WL&L filed the present action for sums due under the Spokane jail contract, and Kuney answered, asserting setoff as an affirmative defense and counterclaiming for WL&L's alleged breach of the Yakima jail contract.

The trial court granted WL&L's motion for summary judgment and dismissed Kuney's counterclaim. Kuney appeals.

■ Kuney contends the trial court erred in ruling its proposed setoff was impermissible. Most jurisdictions follow the rule that an unliquidated claim cannot be set off against a liquidated claim. *See McGovern v. Martz*, 182 F.

Supp. 343 (D.D.C. 1960); *Jones v. Sonny Gerber Auto Sales, Inc.,* 71 F.R.D. 695 (D. Neb. 1976); *Marks v. Spitz,* 4 F.R.D. 348 (D. Mass. 1945); *Nutter v. Occidental Petroleum & Land Dev. Corp.,* 117 Ariz. 458, 573 P.2d 532 (1977); 20 Am. Jur. 2d *Counterclaim, Recoupment & Setoff* § 61 (1965); 80 C.J.S. *Set–Off & Counterclaim* § 42(b)(2)(a) (1953). Accordingly, we hold Kuney was not entitled to set off its unliquidated claim in the Yakima action against WL&L's claim to the Spokane retainage.

Alternatively, Kuney contends it should have been permitted to set off its counterclaim on the basis of WL&L's financial condition and proposed liquidation. The power of the courts to grant an equitable setoff, under circumstances which would preclude a setoff under statutory authority, is widely recognized. *See North Chicago Rolling Mill Co. v. St. Louis Ore & Steel Co.,* 152 U.S. 596, 38 L. Ed. 565, 14 S. Ct. 710 (1894); *United States v. National City Bank,* 83 F.2d 236 (2d Cir.), *cert. denied,* 299 U.S. 563 (1936); *Nutter v. Occidental Petroleum & Land Dev. Corp., supra; Briley v. Board of Supervisors,* 227 Iowa 55, 287 N.W. 242 (1939); *George v. W–G Fertilizer, Inc.,* 205 Kan. 360, 469 P.2d 459 (1970). An underlying equitable basis for permitting such setoffs is recognition that "defendant has no adequate means for recovery in a separate action." *United States v. National City Bank, supra* at 238.

After payment had been made to several of WL&L's creditors, the net retainage Kuney owed to WL&L totaled $125,191.31. WL&L's assets, including the retainage, totaled $225,367. WL&L's current liabilities to trade creditors totaled $72,000. Moreover, despite Kuney's claim that WL&L had no insurance coverage, counsel advises this court that WL&L is currently being defended in the Yakima action by several insurers, and a declaratory judgment regarding action coverage by another insurer is still pending. The record does not show that Kuney will be without adequate means to recover from WL&L. No equitable setoff is warranted.

The judgment is affirmed.

THOMPSON, C.J., and GREEN, J., concur.

Reconsideration denied December 14, 1989.

Review granted at 114 Wn.2d 1007 (1990).