[No. 56840–5.   En Banc.   September 13, 1990.]

WARREN, LITTLE & LUND, INC., *Respondent,* v.
MAX J. KUNEY COMPANY, *Petitioner.*

*Carl E. Hueber, Lynden O. Rasmussen,* and *Winston & Cashatt,* for petitioner.

*Witherspoon, Kelley, Davenport & Toole, P.S.,* by *Leslie R. Weatherhead,* for respondent.

DOLLIVER, J.—This case arises from the construction of two county jails, one in Yakima County and one in Spokane County. Max J. Kuney Company (Kuney) was the general contractor for both jails; Warren, Little & Lund, Inc. (WLL) was the mechanical subcontractor.

The parties contracted for the construction of the Yakima County Jail in October 1981. After completion, and despite some problems with the jail, the Board of Yakima County Commissioners accepted the jail in August 1986. Yakima County (Yakima) paid WLL its retainage on the project on March 10, 1987. One week later, Yakima filed suit against Kuney for breach of contract.

Yakima alleged defective piping had been supplied and installed as part of the hot water system and that the geothermal heating system was defective. WLL was responsible for the work on these two aspects of the jail.

Kuney filed a third party complaint against WLL seeking indemnification for any judgment obtained by Yakima against Kuney. WLL in turn brought suit against the Trane Company, Bullock Trane Service Agency, and ITT Grinnell Corporation as third party defendants.

In the meantime, Kuney and WLL contracted in January 1983 to have WLL do the mechanical work on the Spokane County Jail. The Spokane jail was satisfactorily completed and Kuney received its retainage in February 1988. Rather than forwarding WLL's share of the retainage due for the Spokane jail, Kuney put the retainage into an interest bearing account pending decision in the Yakima case.

WLL brought this suit to recover the retainage withheld by Kuney. Kuney counterclaimed for breach of contract on the Yakima jail and claimed the withheld retainage as a setoff against Kuney's potential liability to Yakima.

WLL moved for summary judgment, arguing Kuney's claim, which it designated as an unliquidated claim, could not be used to set off WLL's liquidated claim. While agreeing with this general rule, Kuney argued equity allows such a setoff when the plaintiff is insolvent. Kuney further contended WLL was insolvent.

The trial court granted summary judgment to WLL, holding an unliquidated claim cannot be used to set off a liquidated claim. Kuney's counterclaim was dismissed without prejudice.

The Court of Appeals affirmed, holding Kuney was not entitled to set off its unliquidated claim from the Yakima action against WLL's claim to the Spokane retainage under either the general rule or an equitable exception. *Warren, Little & Lund, Inc. v. Max J. Kuney Co.*, 56 Wn. App. 74, 76, 782 P.2d 222 (1989). We granted Kuney's petition for review, and reverse and remand. While designated by the parties and by the lower courts as an unliquidated claim, Kuney's claim is also a contingent claim. Thus, the question becomes whether a defendant in a civil action may set off against the plaintiff's claim a contingent unliquidated liability by means of a permissive counterclaim.

The parties and the lower courts, without citation to Washington cases, stated the Washington rule to be that an unliquidated claim cannot be set off against a liquidated claim. This was the common law rule and has been applied in many jurisdictions.

> In the absence of insolvency or some other special ground for equitable relief, the general rule is that unliquidated legal damages cannot be set off either at law or in equity, in the absence of statute.

*Sinclair Ref. Co. v. Midland Oil Co.*, 55 F.2d 42, 47 (4th Cir. 1932). *See also Jones v. Sonny Gerber Auto Sales, Inc.*, 71 F.R.D. 695 (D. Neb. 1976); *McGovern v. Martz*, 182 F. Supp. 343 (D.D.C. 1960); *Marks v. Spitz*, 4 F.R.D. 348 (D. Mass. 1945). Some jurisdictions have invoked equitable powers to modify the rule and created an exception for insolvency. *Hoffman v. Gleason*, 107 F.2d 101, 103–04 (6th

Cir. 1940); *Nutter v. Occidental Petroleum Land & Dev. Corp.*, 117 Ariz. 458, 460, 573 P.2d 532 (1977); *Atchison Cy. Farmers Union Co-op Ass'n v. Turnbull*, 241 Kan. 357, 361, 736 P.2d 917 (1987).

However, Washington and several other states have allowed setoff of unliquidated claims against liquidated claims.

> Formerly the great weight of authority, throughout most juris-dictions, was against a set-off of this character. There has been, however, a growing tendency both in legislation and court decisions, to afford a settlement in one action of as many con-troversies among the parties as may be accomplished without injustice or injury to the rights of others. As a result, the avail-ability to a set-off of a claim of one codefendant has gradually been given a broader recognition.

*Heiple v. Lehman*, 272 Ill. App. 513, 518 (1933), *aff'd on other grounds*, 358 Ill. 222, 192 N.E. 858 (1934). *See also Tiger v. Sellers*, 145 F.2d 920, 925 (10th Cir. 1944) (apply-ing Oklahoma law); *H.J. McGrath Co. v. Wisner*, 189 Md. 260, 266, 55 A.2d 793 (1947); *Henderson v. Northwest Air-lines, Inc.*, 231 Minn. 503, 508, 43 N.W.2d 786 (1950); *Ray-mond Bros. v. Greene & Co.*, 12 Neb. 215, 220, 10 N.W. 709 (1881); *Eyer v. Richards & Conover Hardware Co.*, 176 Okla. 191, 193, 55 P.2d 60 (1936); *Vaillancourt v. Gover*, 112 Vt. 24, 27, 20 A.2d 122 (1941); *Sheafe v. Hastie*, 16 Wash. 563, 566–67, 48 P. 246 (1897); *Shelton v. Conant*, 10 Wash. 193, 194–95, 38 P. 1013 (1894); *Niver v. Nash*, 7 Wash. 558, 560, 35 P. 380 (1893).

In *Niver*, we held an unliquidated claim may be set off against a liquidated claim when both claims arise out of the same contract or transaction. *Niver*, at 560. *Shelton* held an unliquidated claim may also be set off against a liquidated claim when the claims are based on different contracts. *Shelton*, at 194–95. In both cases, we construed the coun-terclaim language in Hill's Code of Proc. § 195 (1891) to allow the setoffs. In *Niver*, we acknowledged the general common law rule, but held it did not apply because the Washington statute made no distinction between liquidated and unliquidated claims. *Niver*, at 560.

Section 195 was later codified as Rem. Rev. Stat. § 265, and then again as RCW 4.32.100. The statute was superseded by Superior Court Civil Rule 13 in 1967. *See* 71 Wn.2d xvii, xlix (1967) and Laws of 1984, ch. 76, § 11, p. 456. Thus, prior to the adoption of the Superior Court Civil Rules in 1967, the Washington rule was to allow setoff of unliquidated claims against liquidated claims.

The counterclaim statute was not expressly replaced by a particular section of CR 13, but CR 13(b) which addresses permissive counterclaims is the most applicable to the case before us:

> A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim.

Although permissive counterclaims are covered by CR 13(b) there are no cases which specifically apply the rule. We believe, however, that even though it predated CR 13(b) the law as developed in *Niver* and *Shelton* is within the ambit of the rule. Furthermore, where the state and federal rules are the same and there is little or no authoritative guidance for the state rule, we may look to decisions and analysis under the federal rule. *American Discount Corp. v. Saratoga West, Inc.*, 81 Wn.2d 34, 37, 499 P.2d 869 (1972). CR 13(b) is identical to Fed. R. Civ. P. 13(b). Because of the lack of decisions in this state specifically construing CR 13(b), we look to decisions regarding the identical federal rule.

Under the federal rules, federal courts have long stated permissive counterclaims may be brought at defendants' election. *Montecatini Edison, S.P.A. v. Ziegler,* 486 F.2d 1279, 1282–83 (D.C. Cir. 1973); *Switzer Bros., Inc. v. Locklin,* 207 F.2d 483, 488 (7th Cir. 1953), *cert. denied,* 347 U.S. 912 (1954). The court has discretion to dismiss or separate properly brought counterclaims only under certain circumstances, such as when trying the counterclaim in the original action would unduly prejudice the plaintiff's claim or would substantially complicate and burden the proceedings. *Barr v. Dramatists Guild, Inc.,* 573 F. Supp. 555, 560–61

(S.D.N.Y 1983); *Board of Educ. v. Admiral Heating & Ventilation, Inc.*, 511 F. Supp. 343, 346 n.6 (N.D. Ill. 1981); *SEC v. Republic Nat'l Life Ins. Co.*, 383 F. Supp. 436, 438 (S.D.N.Y. 1974); *Rosemont Enters., Inc. v. Random House, Inc.*, 261 F. Supp. 691, 698 (S.D.N.Y. 1966). The latter situation is covered by CR 42(b) in Washington as it is in the federal courts by Fed. R. Civ. P. 42(b). *Maki v. Aluminum Bldg. Prods.*, 73 Wn.2d 23, 25, 436 P.2d 186 (1968).

We also note the trend in federal district courts to allow generally under Fed. R. Civ. P. 13 counterclaims for contribution in negligence actions, despite the contingency of the right of contribution on determination of fault. *See, e.g., Laborers' Pension Fund v. Litgen Concrete Cutting & Coring Co.*, 128 F.R.D. 96, 100 (N.D. Ill. 1989); *In re Oil Spill*, 491 F. Supp. 161, 165 (N.D. Ill. 1979); *Lynch v. Sperry Rand Corp.*, 62 F.R.D. 78, 90 (S.D.N.Y. 1973). Such contingent counterclaims are analogous to the one at issue here.

■ The objective of CR 13 and its counterpart federal rule is the same: "'to provide complete relief to the parties, to conserve judicial resources and to avoid the proliferation of lawsuits.'" *Tallman v. Durussel*, 44 Wn. App. 181, 186, 721 P.2d 985 (quoting *Montecatini Edison, S.P.A. v. Ziegler, supra* at 1282), *review denied*, 106 Wn.2d 1013 (1986). Allowing the pleading of contingent unliquidated counterclaims such as Kuney's furthers this objective.

■ We hold a contingent unliquidated counterclaim may be pleaded as a setoff unless the plaintiff can show prejudice or the court finds the counterclaim would make the proceedings unwieldy. The case is reversed and remanded to the trial court for proceedings consistent with this opinion.

CALLOW, C.J., and UTTER, BRACHTENBACH, DORE, ANDERSEN, DURHAM, and SMITH, JJ., concur.

Reconsideration denied November 5, 1990.