**HOFFMAN v. GLEASON.**

**In re CAPITAL NAT. BANK OF LANSING, MICH.**

**No. 8110.**

Circuit Court of Appeals, Sixth Circuit.

Jan. 18, 1940.

Harold M. Shapero, of Detroit, Mich. (Samuel Shapero and Harold M. Shapero, both of Detroit, Mich., on the brief), for appellant.

Clayton F. Jennings, of Lansing, Mich. (Edmund C. Shields, Byron L. Ballard, and Clayton F. Jennings, all of Lansing, Mich., on the brief), for appellee.

Before ALLEN, HAMILTON, and ARANT, Circuit Judges.

HAMILTON, Circuit Judge.

This is an appeal from a judgment dismissing appellant's petition on a claim for $1,107.18 against appellee, receiver of the Capital National Bank of Lansing, Michigan, a corporation organized under the National Banking Laws of the United States, which bank on March 13, 1933, was placed in the hands of the Comptroller of the Currency for liquidation because of insolvency, appellee, Jos. W. Gleason, being duly appointed receiver and having since so continued. Prior to its closing, it had been duly designated the depository for bankruptcy funds in Ingham County, Michigan.

· On December 31, 1932, the Mills Dry Goods Company was declared a bankrupt by the United States District Court for the Eastern District of Michigan and Fred D. Kellar was duly appointed its trustee. Kellar had $11,398.17 on deposit at the date of the closing of the bank and the bankrupt was indebted to it in the sum of $21,557.18, which equalled 33.32 percent of the bankrupt's total indebtedness.

The bankrupt's trustee declared dividends on the bank's claim November 21, 1933, in the sum of $1,509.00; on May 15, 1934, $1,077.86 and a final dividend December 23, 1935, of $1,517.62, a total of $4,104.48, none of which was paid.

On March 7, 1935, appellee issued his certificate of proof of claim for $11,398.17 to F. D. Kellar; trustee. On November 28, 1933, the Referee, on petition of the trustee, entered an order directing him to withhold the payment of dividends to appellee until they equalled the amount of his deposit.

During the bankruptcy proceedings, the trustee offered his claim against the bank for sale and it was first purchased for $1,850 by Donald C. Stirm, who declined to pay the purchase price because appellee was claiming a set-off, and it was then sold to William Fox for $778.85 who sold and assigned it to Harold M. Shapero, who in turn sold and assigned it to the appellant, Dora Hoffman. Appellee refused to recognize the last assignment.

Appellee paid to the trustee a dividend of forty percent, or $4,559.26, and to William Fox, assignee, $1,709.72. Subsequently, a dividend of fifteen percent was declared to the depositors of the bank and if payable to the appellant would have amounted to $1,-709.72. The receiver, on demand, refused to pay, whereupon appellant instituted this action and appellee plead a set-off as defense and, on final hearing, the court dismissed her petition; hence this appeal.

Appellant urges four grounds for reversal; first, that the Referee's order of November 28, 1933, is res adjudicata; second, there was no right of set-off because appellee's claim was unliquidated; third, that if the right of set-off existed, it was not applicable until the trustee in bankruptcy had been paid in full; fourth, if the right of set-off existed, the receiver of the bank waived it.

On a show cause order, the Referee in Bankruptcy, after a hearing, on November 28, 1933, entered an order directing the trustee to withhold the payment of any dividends to the appellee receiver until they equalled the amount of the deposit. No appeal was taken from this order, and, for the purposes of this case, we consider it conclusive, not only as to the questions actually litigated and determined, but as to those which might have been litigated and determined. Southern Pacific R. R. Co. v. United States, 168 U.S. 1, 50, 18 S.Ct. 18, 42 L. Ed. 355. This rule rests upon the general principle announced in numerous cases that estoppel resulting from a judgment does not depend upon the same demand in both cases but exists, although they be different, when the issue upon which recovery of the second demand depends, was under identical conditions, previously concluded by a judgment between the parties or their privies. Myers v. International Company, 263 U.S. 64, 71, 44 S.Ct. 86, 68 L.Ed. 165.

The suit here is upon a demand different from that litigated in the first action and under different conditions. The question expressly and definitely presented and actually litigated and adjudged in the first suit was the right of the trustee to withhold from appellee the payment of dividends out of the bankrupt estate until they equalled the amount of the deposit. The right of the appellee to withhold the payment of dividends out of the liquidation of the bank to the trustee in bankruptcy was neither litigated nor decided by the Referee in the original action. MacKenzie v. Union Guardian Trust Co., 262 Mich. 563, 247 N.W. 914; Larsen v. Northland Transportation Company, 292 U.S. 20, 25, 54 S.Ct. 584, 78 L.Ed. 1096. We are of the opinion the plea of res adjudicata is without merit.

On February 13, 1933, the date the bank suspended business, it had an allowed claim against the bankrupt estate of $21,-557.18 and the bank was indebted to the trustee in the sum of $11,398.17. The amount payable on neither of the claims had been ascertained because neither estate had been liquidated. Based on these facts, the appellant argues that the mutual claims were unliquidated and therefore not subject to set-off. This right must be determined by the condition of the respective claims at the date the bank discontinued business. Scott v. Armstrong, 146 U.S. 499, 508, 13 S.Ct. 148, 36 L.Ed. 1059; Yardley v. Philler, 167 U.S. 344, 360, 17 S.Ct. 835, 42 L.Ed. 192.

The right of set-off is a natural equity where there are cross demands so that one debt should compensate the other and so that the balance, alone, should be paid by the party who owes the larger debt. It is merely a rule of convenience to which there are exceptions, which limits the legal offset to liquidated debts or to those which are capable of liquidation only by computation.

In cases of insolvency, the rule prevails that uncertainty of the amount owed by the respective parties will not prevent the application of set-off and, if necessary, the

court will restrain the enforcement of a demand against which the set-off is to be applied until the cross demand can be liquidated. Central Appalachian Company et al. **v.** Buchanan, 6 Cir., 90 F. 454.

If the respective amounts due may be determined by computation in connection with established market values or generally recognized standards, the rule of liquidation is satisfied. Robinson v. United States, 2 Cir., 251 F. 461.

For another reason the appellant's contention is without merit. It is generally true that unliquidated damages cannot be the subject of set-off. Yet, it is well-settled that a total or partial failure of consideration immediately connected with the cause of action or any equitable defense arising out of the same transaction may be allowed in mitigation of damages or recoupment, not strictly by way of set-off, but for the purpose of defeating plaintiff's action in whole or in part and to avoid circuity of action. Winder v. Caldwell, 55 U.S. 434, 443, 14 How. 434, 14 L.Ed. 487.

The claims of the respective parties here were of equal liquidity and dignity. Each claimant was insolvent and the adjustment of demands by set-off, rather than by independent suit, is favored and encouraged by the law to avoid circuity of action and injustice. In our opinion these claims were sufficiently liquidated to support set-off. North Chicago Rolling Mills Company v. St. Louis Ore & Steel Company, 152 U.S. 596, 616, 14 S.Ct. 710, 38 L.Ed. 565.

Appellant's contention that if the right of set-off existed, it was not applicable until the trustee in bankruptcy had been paid in full, is without merit. Rue v. Miller, 6 Cir., 124 F. 208; Gardner v. Chicago Title & Trust Co., 261 U.S. 453, 456, 43 S.Ct. 424, 67 L.Ed. 741, 29 A.L.R. 622; Hood **v.** Brownlee, 4 Cir., 62 F.2d 675.

The appellee filed a claim with the Referee for the full amount of the bank's debt and stated therein that it was in addition to set-offs or counterclaims and he thereafter issued to the trustee his certificate for the full amount of the deposit and subsequently paid dividends to the trustee and his assignee. In accepting the assignment from the trustee to Fox, he wrote on it: "In accepting this assignment, the Receiver reserves the right to withhold the payment of any and all future dividends after the balance due on this account equals the amount of dividends due from the trustee of the bankrupt estate."

The bankrupt estate was closed December 23, 1935, with notice to the receiver of the bank and in the proceedings no off-set was claimed at any time, nor was there any attempt to credit the amount due from the trustee on the receiver's certificate or dividends. From these facts, the appellant contends that the appellee waived the right of set-off and is estopped in these proceedings to use it as a defense.

The general rule prevails that the right of set-off may be waived and that such waiver may be implied from the acts of the parties. Cumberland Glass Co. v. DeWitt, 237 U.S. 447, 459, 35 S.Ct. 636, 59 L.Ed. 1042.

However, the rule has no application to the case at bar. The distribution of the assets of an insolvent national bank is regulated by the National Banking Act, 12 U.S.C.A. § 194, which provides that after making full provision for the redemption of the circulating notes of the association, "the comptroller shall make a ratable dividend of the money so paid over to him by such receiver on all such claims as may have been proved to his satisfaction or adjudicated in a court of competent jurisdiction, and as the proceeds of the assets of such association are paid over to him, shall make further dividends on all claims previously proved or adjudicated; and the remainder of the proceeds, if any, shall be paid over to the shareholders of such association, or their legal representatives in proportion to the stock by them respectively held."

Consequently, according to the Act, all general creditors share pro rata in the distribution of its assets. The receiver of a national bank is an administrative officer of the United States and is not bound by the legal rule sought to be applied by the appellant as he is prohibited by the statute from making any distribution of the assets of the bank to its creditors except equally and ratably. Carpenter v. Southworth, 2 Cir., 165 F. 428; Leonard v. Gage, 4 Cir., 94 F.2d 19; Hood v. Hardesty, 4 Cir., 94 F.2d 26; Roth v. Hood, 6 Cir., 106 F.2d 616; Wilber National Bank v. United States, 294 U.S. 120, 124, 55 S.Ct. 362, 79 L.Ed. 798; Hudson Motor Car Company v. Detroit, 282 Mich. 69, 275 N.W. 770, 113 A.L.R. 1472.

It appearing that the trustee in bankruptcy and his assignee, excluding the appellant, have been paid by appellee more than the other general creditors of the bank, the appellant was not entitled to recover any sum on her declaration.

The judgment is affirmed.